[No. 12397.  *En Banc.*  February 17, 1916.]

The State of Washington, *on the Relation of The Public Service Commission, Appellant,* v. Skagit River Telephone & Telegraph Company *et al., Respondents.*[1]

Telegraphs and Telephones—Joint Rates — Regulation — Authority of Public Service Commission. Where two telephone companies are willing to make a physical connection upon terms agreed upon, the public service commission, in ordering the connection, has no power to provide for the cost.

Same. Under the statute authorizing the public service commission to require a physical connection between telephone companies that have failed to establish joint rates when such joint rates should be established, the commission has no power to establish the rates or tolls until the companies "have failed" to do so after the connection is ordered.

Same. Likewise, the commission in such a case has no authority in the first instance to make rules or regulations to prevent interference between one of such connected companies and a third company, when using the lines of the other connected company; as such interference must be avoided by mechanical means or operating rules put in force by the companies.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered August 15, 1914, dismissing an action to compel the enforcement of an order of the public service commission requiring physical connection between the lines of telephone companies, after a trial before the court. Reversed.

*The Attorney General* and *Scott Z. Henderson, Assistant,* for appellant.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp,* (*Pillsbury, Madison & Sutro,* of counsel), for respondents.

ON REHEARING.

Holcomb, J.—The original opinion in this case is reported is 85 Wash. 29, 147 Pac. 885, 151 Pac. 1122. On petition

[1]Reported in 155 Pac. 144.

for rehearing or for modification by appellant, and for rehearing by respondents, the case has again been heard *En Banc.*

We are still satisfied with the original decision to the effect that, under the law, the commission has power to order the physical connection between the telephone lines of the Independent Company and the Skagit River Company, and the necessity therefor is a question exclusively within the discretion of the commission. But the latter portion of the third conclusion in the decision is erroneous and must be modified.

The fact was overlooked that both companies subject to the order—the Independent and the Skagit River—were and are willing to make the physical connection, and there is no warrant for the direction that the cost thereof, whatever that may be, be provided for by order of the commission. The statute regulating such proceedings also provides that, when such companies "have failed to establish joint rates or charges for service by or over their lines, and that joint rates or charges ought to be established, the commission may, by its order, require such connection to be made." Under such statutory provision, therefore, the commission has no authority to establish the joint rates or tolls until the companies "have failed" so to do, and it was properly left in the first instance to the companies so to establish joint rates.

Nor has the commission any authority, under the statute, in the first instance to make any rules or regulations to prevent interference between the Independent Company and the Pacific Company when using the lines of the Skagit Company. The Pacific Company has no vested or lawful right to prevent the use of the Skagit Company's lines by the Independent Company as ordered by the commission, and if such use in any way interferes with the use by the Pacific Company of its lines as connected with the Skagit Company, it must prevent or avoid same by mechanical means or by operating rules put in force by the several companies interested.

These modifications result in a complete affirmance of the order of the public service commission, and reversal of the judgment of the superior court. It is so ordered.

MAIN, BAUSMAN, FULLERTON, ELLIS, and PARKER, JJ., concur.